UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| R.M., a minor, by and through Galit Chait, her natural mother and guardian ad litem; GALIT CHAIT, individually,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE HOME DEPOT, a corporate entity; DELTA FAUCET COMPANY; ABC COMPANY 1-3, a fictitious business entity; JOHN DOE 1-3, a fictitious person,<br><br>　　　　　Defendants. | Civil Action No. 24-04379 (JXN)(JRA)<br><br>**MEMORANDUM OPINION AND ORDER** |

**NEALS**, District Judge

**THIS MATTER** comes before the Court on the Stipulation and Agreement filed by Delta Faucet Company ("Delta") in which Plaintiffs R.M. ("R.M.") a minor, by and through Galit Chait ("Chait"), her natural mother and guardian ad litem and Galit Chait, individually (collectively, "Plaintiffs") stipulate and agree to cap their total damages at $75,000 and the parties agree this matter should be remanded to the Superior Court of New Jersey, Law Division, Bergen County ("State Court"). (*See* ECF Nos. 6, 7.)

On February 28, 2024, Plaintiffs initiated this product liability action against The Home Depot ("Home Depot") and Delta (collectively, "Defendants") by filing a Complaint in State Court. On March 29, 2024, Delta removed Plaintiffs' case to this Court.[1] (*See* Notice of Removal ("NOR"), ECF No. 1.) Delta's notice of removal states that this Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a) because the parties have diverse citizenship and the matter in controversy exceeds

---

[1] Home Depot consented to the removal of this matter. (*See* NOR ¶ 35.)

the sum or value of $75,000, exclusive of interest and costs. Specifically, Delta's notice of removal averred that Plaintiffs are citizens of New Jersey, the Home Depot is a citizen of Delaware and Georgia, and Delta is a citizen of Indiana. (NOR ¶¶ 10-15.) Delta's notice of removal further averred:

> 22. Although Plaintiffs do not quantify their exact damages, Plaintiffs allege that R.M. sustained punctures and/or lacerations to the skin on her hands and feet, which required hospital and medical care including plastic surgical repair. (Ex. A ¶¶ 7-8).
>
> 23. Plaintiffs allege that R.M. suffered pain of mind and body; she was required to undergo hospital and medical care and attention; and she was prevented from attending her normal activities and affairs. (*Id.* ¶ 9).
>
> 24. Plaintiffs further allege that R.M. sustained permanent scarring of her hands. (*Id.* ¶¶ 8-9).
>
> 25. Plaintiffs further allege that, in addition to the damages claimed by R.M., Chait-Moracci is entitled to recover past and future medical expenses incurred for the medical care of her daughter. (*Id.* ¶¶ 2-3 of the Second Count).
>
> 26. Therefore, a fair reading of the Complaint establishes a reasonable probability that Plaintiffs are alleging damages in excess of $75,000.

(NOR ¶¶ 22-26.)

On September 23, 2021, Delta filed a "Stipulation to Limit Damages" in which Plaintiffs stipulate and agree that their damages do not exceed $75,000. (ECF No. 6 ¶ 5.) Based on this Stipulation and Agreement, the parties agree that this matter should be remanded to State Court, where it was originally filed. (*Id.* ¶ 6.)

The parties' stipulation to remand the matter is without force. A "post-removal agreement to the remand of the case to state court does not provide the mechanism for remand. The parties cannot unilaterally consent to the remand of the case when this Court had at the time of removal, and continues to have, subject matter jurisdiction over the action." *McNally v. Waterford Township*, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019). Similar efforts by parties to return to state court are also ineffectual when subject matter jurisdiction has been established in this Court. *See Radbill v. Petsmart, Inc.*, 2020 WL 2112167, at *1 (D.N.J. 2020) (finding without force the parties' "Stipulation

Capping Plaintiffs' Claimed Damages and Remanding Case to the Superior Court Of New Jersey, Camden County," which provided that the plaintiffs agreed to cap their damages below $75,000, and incorrectly contended that the court no longer had subject matter jurisdiction due to their stipulation); *McNally,* 2019 WL 6117728, at *2 (where the parties filed a proposed consent order to remand based on the plaintiff's post-removal amended complaint that dismissed his federal claim, which was the basis for subject matter jurisdiction, finding that the dismissal of the federal claims and their agreement to remand did not provide a valid mechanism to remand the matter to state court because subject matter jurisdiction existed under 28 U.S.C. § 1367(a)) (citing *Duffy v. Absecon Police Department*, 2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing *Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc.,* 2018 WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint) (citing *Mollan v. Torrance,* 22 U.S. 537, 539 (1824), *quoted in Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'"); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294–95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court, the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.")); *St. Paul Mercury Indem. Co.*, 303 U.S. at 292–93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal

3

which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

"This is a court of limited jurisdiction. It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute. However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred." *Farren v. FCA US, LLC*, 2018 WL 372168, at *3 (D.N.J. 2018). Because Plaintiffs have not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) - at the time of removal there was diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeded $75,000. As noted above, according to the notice of removal, although Plaintiffs' Complaint did not quantify their exact damages, Delta alleged that given the alleged severity and permanency of R.M.'s injuries and claims for damages, the amount in controversy exceeded the $75,000 threshold at the time of removal. (*See* NOR ¶¶ 22-26.) It is Plaintiffs' prerogative to limit the damages they seek, but that decision does not impact this Court's subject matter jurisdiction over his case.

Consequently, the parties' agreement to remand[2] based on Plaintiffs' post-removal stipulation as to damages is ineffectual.[3] The matter shall proceed in due course.

**SO ORDERED.**

**DATED**: April 10, 2024

JULIEN XAVIER NEALS
**United States District Judge**

---

[2] Parties may not confer subject matter jurisdiction by consent, *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), and they cannot divest subject matter jurisdiction by consent, *St. Paul Mercury Indem. Co.,* 303 U.S. at 292–93.

[3] If the parties would rather return to State Court, they may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that a plaintiff may dismiss its action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." If it is the first dismissal, the rule expressly provides that dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Thereafter, to the extent allowed by state law, Plaintiffs may refile their action in State Court. Alternatively, Plaintiff may file a motion to remand.